### AMES & HARRIS v. SABIN.

(Circuit Court, D. Oregon. February 28, 1901.)

#### No. 2,634.

EQUITY JURISDICTION—ENFORCEMENT OF TRUST—ASSIGNEE OF SOLVENT COR-
PORATION.

A suit in equity cannot be maintained by one claiming to be a contract creditor of a solvent corporation against an assignee to whom the corporation has conveyed its property in trust to be converted into money and its debts paid therefrom. In such case a court of equity has no jurisdiction to administer the fund in the hands of the trustee for the benefit of creditors, the trustee being merely an agent for the corporation, which owns the property or fund; nor has the creditor, who has no lien on such property or fund, any right of action against the trustee.

In Equity. On demurrer to bill.

Wallace McCamant, for complainant.
Cotton, Teal & Minor, for defendant.

BELLINGER, District Judge. The complainant is a California corporation. The defendant, Sabin, is a citizen and resident of Oregon. The bill of complaint alleges that prior to June 13, 1899, N. W. Hiestand and William Warner were partners in business under the name of Hiestand, Warner & Co., carrying on a general merchandise, grain, and warehouse business in Whitman county, in the state of Washington; that about June 13, 1899, the partners Hiestand and Warner, with others, incorporated under the laws of the state of Washington the Hiestand-Warner Warehouse Company, with a capital stock of $100,000, divided into 1,000 shares of $100 each; that of this stock 270 shares were issued to Hiestand, 480 to Warner, and 1 each to H. M. Cox, G. R. Harrold, and G. E. Hunt, employés of the partnership; that the remainder of the stock remained unissued; that upon the formation of the incorporation the partnership of Hiestand & Warner conveyed to it certain property of the partnership and of the partners, and the corporation thereafter carried on the warehouse business theretofore conducted by the partnership; that the partner Warner was general manager of the corporation, and conducted its business as that business had been conducted by the partnership; that it was impossible for the corporation to conduct the warehouse business unless it could secure bags and twine for the purpose of handling the wheat stored with it by its patrons; that during the summer of 1899 the complainant was ignorant of the fact that the business which had theretofore been conducted by the partnership had been segregated, and that a portion thereof was being conducted by the partnership and another portion by the corporation; that, while so in ignorance of the

facts, complainant extended a credit to the partnership, in the belief that the credit was in fact extended to the owner of the warehouse property, which had been transferred to the corporation prior thereto; that the complainant sold and delivered to the partnership a large quantity of bags and twine, which were actually received and used by the corporation in its said business; that the complainant received from the partnership, as evidence of such indebtedness, certain promissory notes during the months of July and August, 1899, which notes, it appears, aggregated between five and six thousand dollars; that on the 21st of November, 1899, the partnership was also indebted to the complainant in the sum of $96 upon an open account, for which no note had been given; that this credit was extended in the belief that the goods were sold to, and received by, the owners of the warehouse and warehouse business; that after the extension of such credit the complainant was advised of the truth in respect to said matters, and thereupon made demand upon the corporation, to which complainant had supposed its goods were being sold, that the corporation should assume and agree to pay said debt; that said corporation thereupon, acting through the said Warner, its general manager, and with the assent of Hiestand, who was its president, guarantied to pay to the complainant the debt evidenced by the said promissory notes and by said open account, which at the time, to wit, the 27th day of October, 1899, aggregated the sum of about $5,300; that in consideration of the said guaranty the complainant forebore to sue upon the said claim, and permitted the said partnership to continue its business; that thereafter, and on the 20th day of January, 1900, all the assets of the said partnership and of the corporation came into the hands of the defendant herein, who received the same upon a trust to reduce the said assets to cash, and to disburse the same to such of the creditors of said corporation and of the said partnership as should be entitled thereto, retaining first from the funds in his hands the expenses of his said trust, and of reducing said assets to cash for such distribution; that the defendant has fully discharged his trust so far as the same relates to the realization of the assets aforesaid, and the defendant has wholly reduced the same to cash, and now has said cash in his possession; that the defendant has furthermore distributed all of the assets of the partnership, and has in his possession under the trust aforesaid only such assets as have come to him from the said corporation, and which he holds as a stockholder therein, and substantially the sole stockholder therein; that the fund in defendant's possession is in excess of complainant's claim, and in excess of $2,000, exclusive of interest and costs; that the partnership is wholly insolvent, and has no assets whatever; that the corporation has no indebtedness whatsoever, excepting the debt due to the complainant, which the said corporation assumed, guarantied, and agreed to pay as hereinbefore set forth. The complainant prays for a decree adjudging that it is entitled to receive the sums of money alleged to be due as aforesaid, and that the defendant may be directed to pay the same to the complainant, and for its costs and disburse-

ments. The defendant demurs upon the grounds that the bill of complaint does not state a cause of suit; that the court has not jurisdiction of the subject-matter, for as much as it appears from the bill of complaint that the complainant is seeking to compel the payment of its claim out of moneys arising from the sale of property of the Hiestand-Warner Warehouse Company on an indebtedness alleged to be due it from the partnership of Hiestand and Warner, and that it further appears from the bill of complaint that complainant's claim has not been reduced to judgment, and that it has no lien by attachment, execution, or otherwise on the funds or property which it seeks to have applied to the payment of its alleged claims.

From this complaint it appears that the warehouse company is liable to the complainant upon its guaranty of the debt of the partnership, evidenced by the promissory notes of the latter, and that the defendant is the assignee of the warehouse company of all its property in trust for the payment of "such of the creditors of the corporation and partnership" as are "entitled thereto," and that the property of the corporation in the hands of the assignee is more than sufficient to pay all its debts. The equities which constituted the consideration for the guaranty are not material to the questions to be decided. These were settled by the contract of guaranty. I am of the opinion that the complainant cannot maintain a suit in equity in this court to enforce the contract of guaranty against the defendant as the trustee of the funds in his hands. When the assignor is not insolvent, the assignment is not "for the benefit of creditors" in the sense in which this phrase is usually employed. The creditors are not benefited by the assignment of a solvent estate. It is a matter of no consequence to them whether their debts are paid by the debtor in person or by his transferee, who, in such a case, is the mere agent of the debtor. The assignor has an interest in the estate after the assignment as well as before. It is otherwise where the assignor is insolvent. Such an estate belongs wholly to the creditors, to whom a court of equity will distribute it according to their respective interests and rights. In this case the defendant is dealing with the property of the warehouse company, a solvent concern, and he is responsible to that company for the property assigned to him. The money required to pay complainant's demand must, with other money, be restored to the company by the defendant if he does not pay it to complainant. It therefore belongs to the company. No creditor has any lien upon or interest in it, unless it can be said that the creditors of any solvent debtor are interested in the debtor's estate. Under such circumstances the trustee is responsible, not to the creditors of the company, but to the company itself; and if he pays out the money of the company he does it at his peril. There is no occasion to invoke the aid of equity to reach the fund in the defendant's hands. The liability sought to be established is not against the fund, but against the owner of the fund. A decree in this suit, to which the warehouse company is not a party, would not bind the company, which is entitled to its day in court. The demurrer is sustained.